```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

KENNETH E. HAYAS,

        Plaintiff,
v.                        Case No. 8:13-cv-1432-T-33AEP

GEICO GENERAL INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant GEICO General Insurance Company's Motion to Dismiss or Motion for More Definite Statement (Doc. # 7), which was filed on July 23, 2013. Plaintiff Kenneth Hayas filed a Response in Opposition to the Motion to Dismiss on August 6, 2013. (Doc. # 11). For the reasons that follow, the Court denies the Motion.

**I.**    **Background**

Hayas was the owner of a 1999 Ford automobile that was insured by GEICO on September 28, 2009. (Doc. # 5 at ¶¶ 5-6). On that date, while the insurance policy was in full force and effect, Hayas negligently operated the automobile and was involved in an accident with William Ryan. (Id. at ¶¶ 6, 8). As a result of the accident, Ryan sustained serious injuries and died as a result of those injuries. (Id. at ¶ 6). At the time of the accident, Hayas's GEICO insurance policy provided

bodily injury limits of $100,000.00 per person and $300,000.00 per occurrence. (Id. at ¶ 7).

Ryan's Estate made a claim against Hayas, and GEICO undertook to defend Hayas. (Id. at ¶¶ 9-10). Hayas alleges that a settlement opportunity arose, but GEICO failed to settle the claim. (Id. at ¶ 11). Instead, Ryan's Estate obtained a jury verdict against Hayas and a final judgment was entered against Hayas in Polk County, Florida in the total amount of $1,610,210.41. (Id. at ¶ 15).

Hayas in turn filed the present action against GEICO for bad faith on May 31, 2013, and filed an Amended Complaint on June 10, 2013. Among other allegations, Hayas alleges that GEICO breached its "duties of good faith in the handling of the claims made against [Hayas] by acting in bad faith" by: (1) failing to act fairly and honestly and with due regard for Hayas's interests; (2) failing to initiate settlement negotiations after learning that Hayas was exposed to liability for damages in excess of his policy limits; (3) failing to conduct settlement negotiations in good faith; (4) failing to settle the underlying claims when GEICO could have done so and should have done so; (5) failing to exercise reasonable diligence; (6) negligently adjusting, investigating, and defending the claims; (7) failing to adopt

2

and implement standards for proper claims investigation and handling; (8) failing to properly train its adjustors and claims personnel; (9) failing to communicate with Hayas honestly; (10) failing to advise Hayas of settlement opportunities, the likelihood of a recovery in excess of policy limits, and the steps that might be taken to avoid the same; (11) failing to provide Hayas competent assistance; (12) failing to take all reasonably possible steps necessary to settle the claims against Hayas that a reasonable person would have taken; (13) putting GEICO's own interests ahead of Hayas's interests; (14) failing to follow the laws, statutes, governmental and industry standards and regulations and GEICO's own policies that apply to the handling of liability claims by insurance companies; (15) failing to accept an agreement that would have prevented entry of an excess judgment against Hayas; (16) failing to identify potential claimants and take action to settle the claims; (17) failing to accept an express, written offer to settle the claims against Hayas for an amount available within policy limits; and (18) failing to timely advise Hayas of the likelihood of an excess verdict against him and the steps Hayas could take the avoid the same or lessen its financial impact upon him. (Doc. # 5 at ¶ 19).

On July 23, 2013, GEICO filed its Motion to Dismiss or Motion for More Definite Statement (Doc. # 7), which is ripe for the Court's review.

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

4

Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

### III. <u>Analysis</u>

Upon due consideration of the well-pleaded allegations of Hayas's Amended Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to deny GEICO's Motion. In the Court's view, the Amended Complaint is more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for bad faith claims handling.

As explained in <u>Jaimes v. GEICO General Insurance Co.</u>, No. 12-14427, 2013 U.S. App. LEXIS 16898 (11th Cir. Aug. 15, 2013):

> In Florida, the question of whether an insurer acted in bad faith in handling claims against the insured is determined under a totality of the circumstances standard. The inquiry focuses on the actions of the insured in fulfilling its obligations to the insured. The insurer's good faith requirement obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same. Thus, an insurance company acts in bad faith in failing to settle a claim against its insured within its policy limits when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly towards its insured and with due regard to his interests.

> Furthermore, bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause.

Id. at *15 (citations omitted).

The allegations of Hayas's Amended Complaint, taken as true for the purpose of addressing the Rule 12(b)(6) Motion to Dismiss, amply state a claim for bad faith claims handling as articulated by the Eleventh Circuit in Jaimes. Hayas asserts, among other allegations, that GEICO failed to advise Hayas of settlement opportunities, failed to advise Hayas of the probable outcome of litigation and to warn Hayas of the possibility of an excess judgment, and also failed to advise Hayas of the steps that he might take to avoid such judgment. In addition, Hayas alleges that GEICO failed to settle the claim against him within policy limits and failed to act fairly and honestly. These allegations are the hallmark of bad faith.

The Court rejects GEICO's assertion that dismissal is warranted because Hayas has not identified a specific offer to settle that GEICO neglected to accept. Rule 8 is satisfied by the factual allegations presented. "The gravamen of what constitutes bad faith is whether under all of the circumstances an insurer failed to settle a claim against an insured when it had a reasonable opportunity to do so."

Contreras v. U.S. Sec. Ins. Co., 927 So. 2d 16, 20 (Fla. 4th DCA 2006). Although Hayas's Amended Complaint does not provide detailed information about a particular offer to settle, the Court does not find that the Amended Complaint is a threadbare recital of the required elements.

Furthermore, the Court declines to require Hayas to file a more definite statement of his claim pursuant to Rule 12(e). GEICO has not convinced the Court that the Amended Complaint is "so vague or ambiguous that [GEICO] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

GEICO General Insurance Company's Motion to Dismiss or Motion for More Definite Statement  (Doc. # 7) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of August, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record