UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH E. HAYAS,

    Plaintiff,

v.   Case No: 8:13-cv-1432-T-33AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon GEICO's Second Motion to Compel Materials Withheld From Production By Plaintiff, Kenneth E. Hayas ("Motion") (Dkt. No. 38), Plaintiff's response in opposition thereto (Dkt. No. 43), and Defendant's reply (Dkt. No. 49). A hearing was held on this matter on October 9, 2014. For the reasons stated at the hearing, as well as those that follow, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion (Dkt. No. 38).

I.    Background

A truncated history of this discovery dispute follows: On November 14, 2013, Defendant served Plaintiff with its first request for production. On April 14, 2014, Plaintiff responded with a privilege log, objecting to the production of certain documents under the attorney-client and work product privileges. Defendant filed the instant motion on May 15, 2014, arguing that Plaintiff waived the attorney-client privilege through voluntary disclosure to third-party Leslie Bellao ("Bellao"), that Plaintiff failed to timely assert privilege, that privilege was waived pursuant to the doctrine of implied waiver, and finally, that Plaintiff improperly asserted the

attorney-client privilege over materials not protected by the doctrine. Plaintiff's opposition in response argued, among other things, that waiver was not triggered due to a shared "common interest" between Plaintiff and Bellao.

On October 9, 2014, an evidentiary hearing was held to assist the Court in its determination as to whether Plaintiff and Bellao's communications were privileged. At the hearing, Plaintiff maintained that Plaintiff and Bellao shared a common interest, also asserting that attorney-client privilege protected the correspondence at issue because Bellao was represented as a co-client with Plaintiff.

## II.    Analysis

In this diversity action, Florida law guides the Court's application of the attorney-client privilege. FED. R. EVID. 501; *Bradt v. Smith*, 634 F.2d 796, 800 (5th Cir. Unit A Jan. 1981). Attorney-client privilege is codified in Florida Statutes § 90.502. In determining whether a lawyer-client relationship exists in the absence of a formal retainer and after a putative client has consulted with an attorney, "Florida courts have used…a subjective [test that] hinges upon the client's [reasonable] belief that he is consulting a lawyer in that capacity and his manifested intention is to seek professional legal advice." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1281 (11th Cir. 2004) (internal quotations omitted) (citing *Bartholomew v. Bartholomew*, 611 So.2d 85, 86 (Fla. 2d DCA 1992)). If established, the privilege is often deemed waived if the holder of the privilege voluntarily discloses privileged information to third parties. *E.g.,* Fla. Stat. Ann. § 90.507; *Savino v. Luciano*, 92 So.2d 817, 819 (Fla. 1957) (discussing waiver of privileges generally); *Visual Scene, Inc. v. Pilkington Bros.*, 508 So. 2d 437, 440 (Fla. 3d DCA 1987); *see also United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987). Generally, when waiver exists, the privilege is waived for the remainder of the

communication, although the specific scope of the waiver is unclear under Florida law. *Compare Hoyas v. State*, 456 So. 2d 1225 (Fla. 3d DCA 1984), *and Alliant Ins. Services, Inc. v. Riemer Ins. Group*, 22 So. 3d 779, 781 (Fla. 4th DCA 2009) (holding waiver extends to communications on the same subject matter), *with Paradise Divers, Inc. v. Upmal*, 943 So. 2d 812, 814 (Fla. 3d DCA 2006) (discussing "limited waiver"), *and Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 509 (Fla. 2d DCA 2006). Finally, Florida law recognizes the common interest doctrine as an exception to the doctrine of waiver of privilege. *E.g., Asplundh Tree Expert Co. v. Barnes,* 689 So. 2d 1200, 1200 (Fla. 4th DCA 1997); *Visual Scene*, 508 So. 2d at 440*; Infinite Energy, Inc. v. Econnergy Energy Co.*, No. 1:06-cv-124, 2008 WL 2856719 (N.D. Fla. July 23, 2008).

Turning first to Plaintiff's argument that Plaintiff's communications with Bellao, including attorney-client emails Plaintiff forwarded Bellao and handwritten notes of Bellao, are protected by attorney-client privilege.[1] A threshold issue, therefore, is whether Bellao was represented by Plaintiff's retained counsel—Dale Swope, Angela Rodante, and Stephanie Miles ("Swope Rodante")—so as to benefit from any attached privilege. The Court concludes that, on the record before it,[2] Plaintiff has not met his burden in showing that Bellao was represented.

Having evaluated Bellao's sworn testimony, it is clear that Plaintiff cannot establish privilege. When asked whether she knew she was represented by Swope Rodante in 2010,

---

[1] The Court pauses to note that, of the documents at issue that have been reviewed in camera by this Court, a fair number do not fall into the category of communications protected by the attorney client privilege because they were not made incident to seeking or receiving legal advice. *See, e.g.*, *Ford Motor Co. v. Hall-Edwards*, 997 So. 2d 1148, 1153 (Fla. 3d DCA 2008); *Hodgson Russ, LLP v. Trube*, 867 So. 2d 1246, 1247 (Fla. 4th DCA 2004); *see also In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992).

[2] At the hearing on this matter, Plaintiff referenced other privileged documents that purportedly would prove Bellao's representation, but was reluctant to disclose said documents in the course of the proceedings. The documents were not, therefore, accounted for in the Court's decision.

Bellao responded: "I didn't." Bellao's testimony repeatedly references that Swope Rodante was retained unbeknownst to her, answering that she did not recall engaging their representation but that it was later "brought to [her] attention." Bellao also testified that she had no recollection of retaining Swope Rodante until her second deposition in the underlying case. This testimony is corroborated by Angela Rodante Esq. ("Rodante")'s testimony that Bellao did not retain Swope Rodante herself, did not sign a contract or fee agreement, and did not sign a statement of clients rights.[3] Ultimately, Bellao admits that she had no knowledge that she was represented by Swope Rodante, and it follows that she did not subjectively hold a reasonable belief that she was consulting Swope Rodante with the manifested intention of seeking professional legal advice. *See Jackson*, 372 F.3d at 1281 (citing *Bartholomew*, 611 So.2d at 86). Plaintiff's contention that Plaintiff retained counsel for Bellao is thus inapposite—even if Plaintiff had done so in a contractual sense, attorney-client privilege does not attach in the absence of a formal written agreement until the putative client's subjective belief takes root. *See id.* It is clear in this instance that Bellao merely gave Plaintiff a ride to meet with Swope Rodante and, despite taking notes at the meeting and communicating with the firm, did not at the time at issue believe she was represented or believe she was seeking legal advice for herself.

Plaintiff's argument that the "common interest" exception to waiver of privilege applies in this instance also fails. The common interest exception to waiver exists so that "clients and their respective attorneys sharing *common litigation interests* may exchange information freely among themselves without fear that by their exchange they will forfeit the protection of the privilege." *Visual Scene*, 508 So. 2d at 440 (emphasis added). Three threshold questions

---

[3] The Court finds Rodante's testimony regarding Swope Rodante's position and belief as to Bellao's representation credible, but ultimately insufficient because the Court's analysis in this matter is governed by a subjective standard under Florida law.

predominate in the Court's analysis: (1) whether the original disclosures were necessary to obtain informed legal advice and might not have been made absent the attorney-client privilege; (2) whether the communication was such that disclosure to third parties was not intended, and (3) whether the information was exchanged between the parties for the limited purpose of assisting in their common cause. *Infinite Energy*, No. 1:06-cv-124, 2008 WL 2856719 (N.D. Fla. July 23, 2008) (citing *Developers Sur. & Indem. Co.* v. *Harding Vill., Ltd.*, 06-21267, 2007 WL 2021939 (S.D. Fla. July 11, 2007)). Florida courts have found that the most important question is whether the information was exchanged for the limited purpose of assisting in the parties' common, litigation-related cause. *Id* (internal quotations omitted) (citations omitted).

The situation at issue between Plaintiff and Bellao simply does not meet these criterion. Notably, Bellao's testimony does not establish commonality in a litigation-related cause against a shared adversary, nor does the Court find upon review of the communications that they were made in furtherance of assisting such a cause. *See Visual Scene*, 508 So. 2d at 440, 443. Bellao testified that, at the time of her meeting with Swope Rodante in 2010, she knew she was not liable for any claims resulting from the accident. Bellao further testified that she had no claims against GEICO, and brought no claims at all relating to the accident. Moreover, Bellao was not involved in the accident, did not own the vehicle at issue in the accident, and, as of February 2010, she did not believe she was exposed to any liability for the accident. It appears that the extent of Bellao's involvement in Plaintiff's claim, aside from her awareness due to her personal relationship with Plaintiff, was merely her status as a named party on the GEICO insurance policy. This limited contractual interest does not, as matter of law, establish the type of commonality required by the exception, and, therefore, cannot be used to defeat waiver here. *See Visual Scene,* 508 So. 2d at 440 ("Quite obviously, when a member of the common interest

group discloses this information to a non-member, a waiver of the privilege, as in the ordinary case, occurs."). And, even assuming a common litigation-related interest existed, it is clear to the Court that the information was not exchanged between Plaintiff and Bellao for the purposes of a litigious interest or otherwise for seeking legal advice, but rather the intent was to keep Bellao, a sincere friend and caretaker, informed, and vise-versa. *See, e.g.*, *Developers*, 2007 WL 2021939, at 2.

Finally, the Court is left to address Defendant's argument that the privilege waiver in this instance must, in turn, nullify Plaintiff's privilege as to *all* withheld documents from the privilege log pertaining to Plaintiff's case. As noted above, Florida decisions are unclear as to the scope of attorney-client privilege waiver. More specifically, the breadth of waiver is sometimes narrower than all communications related to the subject matter. *See, e.g., Upmal*, 943 So. 2d at 814 ("A party can make a limited waiver of its attorney-client or work product privileges in this state."); *Coates v. Akerman, Senterfitt & Eidson, P.A.*, 940 So. 2d 504, 509 (Fla. 2d DCA 2006) ("When attorney-client communications are disclosed regarding a certain matter, there exists a limited waiver with respect to communications on that same, specific matter."). This approach accords with federal case law that limits the scope of extended wavier to that which is necessary to eliminate the unfair practice inherent in using the privilege as a sword. *See*, *e.g.*, FED. R. EVID. 502(a)(3) (requiring a consideration of fairness); *In re Teleglobe Commc'ns Corp.,* 493 F.3d 345, 361 (3d Cir. 2007), *as amended* (Oct. 12, 2007) ("Extending waiver is not a punitive measure. [] [W]hen the disclosure does not create an unfair advantage, courts typically limit the waiver to the communications actually disclosed.").

Concerns regarding the unfair practice of selective disclosure apparent in *Hoyas*, where selective testimony was given on direct-examination and privilege was invoked on cross-

6

examination, do not predominate here.  *See* 456 So. 2d at 1229.  The Court does not find that the disclosures were made for a strategic, offensive purpose, and does not foresee them creating an unfair advantage in this litigation.  The scope of waiver relating to Plaintiff's counsel is, therefore, limited to communications actually disclosed between Plaintiff and Bellao.

III.   Conclusion

Accordingly, for the reasons on record and stated above, it is hereby

ORDERED:

1.  Defendant's Motion (Dkt. No. 38) is GRANTED as to communications at issue sent from Plaintiff to Bellao, as well as communications sent from Bellao to Plaintiff.  Bellao's notes shall also be produced.  Plaintiff is DIRECTED to produce those communications.  The Motion is DENIED as to all other communications in the privilege log relating to Plaintiff's representation.

2.  Defendant's request for attorney's fees and costs is DENIED.

DONE AND ORDERED in Tampa, Florida, this 21st day of October, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

7