UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH E. HAYAS,

        Plaintiff,

v.                                Case No. 8:13-cv-1432-T-33AEP

GEICO GENERAL INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Defendant GEICO General Insurance Company's Motion to Strike Plaintiff's Supplemental Expert Disclosure, which was filed on August 28, 2014, specifically to exclude Dale Swope, Esq. from providing testimony in this matter. (Doc. # 78 at ¶ 6). Plaintiff Kenneth Hayas filed a Response in Opposition to the Motion to Strike on September 15, 2014. (Doc. # 86). For the reasons that follow, the Court denies the Motion.

**I.  Background**

Hayas was the owner of a 1999 Ford automobile that was insured by GEICO on September 28, 2009. (Doc. # 5 at ¶¶ 5-6). On that date, while the insurance policy was in full effect, Hayas negligently operated the automobile resulting in an accident with William Ryan. (Id. at ¶¶ 6, 8). As a

consequence, Ryan sustained serious injuries and died due to those injuries. (Id. at ¶ 6). At the time of the accident, Hayas' GEICO insurance policy provided bodily injury limits of $100,000.00 per person and $300,000.00 per occurrence. (Id. at ¶ 7).

Ryan's Estate made a claim against Hayas, and GEICO undertook to defend Hayas. (Id. at ¶¶ 9-10). Hayas alleges that a settlement opportunity arose, but GEICO failed to settle the claim. (Id. at ¶ 11). Instead, Ryan's Estate obtained a jury verdict against Hayas and a final judgment was entered against Hayas in Polk County, Florida, in the total amount of $1,610,210.41. (Id. at ¶ 15).

Hayas in turn filed the present action against GEICO for "bad faith" on May 31, 2013, and filed an Amended Complaint on June 10, 2013. (Doc. ## 1, 5). Among other allegations, Hayas alleges that GEICO breached its "duties of good faith in the handling of the claims made against [Hayas] by acting in bad faith" by:

> (1) failing to act fairly and honestly and with due regard for Hayas' interests; (2) failing to initiate settlement negotiations after learning that Hayas was exposed to liability for damages in excess of his policy limits; (3) failing to conduct settlement negotiations in good faith; (4) failing to settle the underlying claims when GEICO could have done so and should have done so; (5) failing to exercise reasonable diligence; (6) negligently

2

>adjusting, investigating, and defending the claims; (7) failing to adopt and implement standards for proper claims investigation and handling; (8) failing to properly train its adjustors and claims personnel; (9) failing to communicate with Hayas honestly; (10) failing to advise Hayas of settlement opportunities, the likelihood of a recovery in excess of policy limits, and the steps that might be taken to avoid the same; (11) failing to provide Hayas competent assistance; (12) failing to take all reasonably possible steps necessary to settle the claims against Hayas that a reasonable person would have taken; (13) putting GEICO's own interests ahead of Hayas' interests; (14) failing to follow the laws, statutes, governmental and industry standards and regulations and GEICO's own policies that apply to the handling of liability claims by insurance companies; (15) failing to accept an agreement that would have prevented entry of an excess judgment against Hayas; (16) failing to identify potential claimants and take action to settle the claims; (17) failing to accept an express, written offer to settle the claims against Hayas for an amount available within policy limits; and (18) failing to timely advise Hayas of the likelihood of an excess verdict against him and the steps Hayas could take the avoid the same or lessen its financial impact upon him.

(Doc. # 5 at ¶ 19).

In support of these claims, Hayas filed a supplemental expert disclosure on June 25, 2014. In response, on August 28, 2014, GEICO General Insurance Company filed the present Motion to Strike Plaintiff's Supplemental Expert Disclosure requesting that the Court (1) enter an Order striking Plaintiff's Supplemental Expert Disclosure, (2) exclude Dale Swope, Esq. as an expert witness, and (3) prohibit Mr. Swope

from providing any opinion testimony or evidence in this matter, which is now ripe for the Court's review. (Doc. # 78).

## II. Legal Standard

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005)(citations omitted). Further, the Eleventh Circuit has pronounced: "We will only reverse a district court's ruling concerning the admissibility of evidence where the appellant can show that the judge abused his [or her]

broad discretion and that the decision affected the substantial rights of the complaining party." Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1206 (11th Cir. 1995).

**III. Analysis**

    **A. Untimeliness**

From a review of the record, it cannot be disputed that Hayas' supplemental expert disclosure was untimely, and the Court would be amply justified in striking the expert. However, in the interest of fairness, the Court declines to do so. A thorough review of the parties' submissions reveals that GEICO was not prejudiced by Hayas' untimely disclosure. In fact, Hayas represents that in 2013, it informed counsel for GEICO, by way of initial disclosures, that he planned to use Dale Swope, Esq. as a witness. (Doc. # 86 at 3). GEICO elected not to depose Mr. Swope, as it was counsel for Hayas that set Mr. Swope's recent deposition. (Id.).

This is not a case of a surprise witness revealed on the eve of trial in an effort to gain an unfair advantage. To the contrary, Hayas identified Mr. Swope, the attorney from the underlying action, as a witness in his initial disclosures in accordance with Fed. R. Civ. P. 26. (Id.). Considering the procedural history of this case and the lack of surprise or prejudice resulting from the untimely disclosure, the Court

declines to strike Mr. Swope on the basis of the belated disclosure.

**B.    Expert Testimony**

In addition to challenging the expert on the basis of their untimely disclosure, GEICO asserts that Mr. Swope should be excluded as an expert because "Plaintiff seeks to circumvent Rule 26(a)(2)(B) and violate the spirit and intent of the expert disclosure rule." (Doc. # 78 at 9).

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 is a codification of the Supreme Court's landmark case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the Court described the gatekeeping function of the district court to ensure expert testimony and evidence "is not only relevant, but

6

reliable." Id. at 589. As stated in the Advisory Committee Notes accompanying Rule 702 of the Federal Rules of Evidence, "A review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." See Advisory Committee Notes to the 2000 Amendment to Rule 702. In addition, the trial judge is afforded broad discretion in deciding Daubert issues. See Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

At this juncture, the Court declines to evaluate the substance of the proffered expert testimony against the touchstones of Daubert and Rule 702 as the material testimony is the subject of Defendant's separate Motions in Limine. (Doc. # 79). This Court finds that it would be premature to prohibit Mr. Swope from providing **any** testimony or evidence in this matter, whether that be lay opinion or expert testimony. Therefore, the Court denies the Motion to Strike; however, GEICO is free to re-raise its challenge to Mr. Swope's testimony during the course of the trial, if appropriate under the circumstances presented.

The Court notes that Hayas will be required at trial to properly qualify Mr. Swope as an expert, if possible, in accordance with the standards set forth in the Federal Rules of Civil Procedure. Even if Mr. Swope is properly qualified

7

as an expert at trial, this Court will not allow Mr. Swope, to offer impermissible legal conclusions, testimony of which he is not qualified to opine, testimony excluded by motions in limine prior to trial, redundant testimony, irrelevant testimony, and testimony based on speculation as to the parties' intent.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

GEICO General Insurance Company's Motion to Strike Plaintiff's Supplemental Expert Disclosure (Doc. # 78) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record