UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH E. HAYAS,

       Plaintiff,

 v.                              Case No. 8:13-cv-1432-T-33AEP

GEICO GENERAL INSURANCE,
COMPANY,

       Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendant GEICO General Insurance Company's ("GEICO") Motion in Limine (Doc. # 79) and Plaintiff Kenneth E. Hayas' Motions in Limine (Doc. # 80), both filed on August 28, 2014. Both motions are ripe for the Court's review. For the reasons that follow, the Motions are granted in part and denied in part as detailed herein.

**I.   Background**

Hayas was the owner of a 1999 Ford automobile that was insured by GEICO on September 28, 2009. (Doc. # 5 at ¶¶ 5-6). On that date, while the insurance policy was in full effect, Hayas negligently operated the automobile resulting

in an accident with William Ryan[1]. (Id. at ¶¶ 6, 8). As a consequence, Ryan sustained serious injuries and died due to those injuries. (Id. at ¶ 6). At the time of the accident, Hayas' GEICO insurance policy provided bodily injury limits of $100,000.00 per person and $300,000.00 per occurrence. (Id. at ¶ 7).

Ryan's Estate made a claim against Hayas, and GEICO undertook to defend Hayas. (Id. at ¶¶ 9-10). Hayas alleges that a settlement opportunity arose, but GEICO failed to settle the claim. (Id. at ¶ 11). Instead, Ryan's Estate obtained a jury verdict against Hayas and a final judgment was entered against Hayas in Polk County, Florida, in the total amount of $1,610,210.41. (Id. at ¶ 15).

Hayas in turn filed the present action against GEICO for "bad faith" on May 31, 2013, and filed an Amended Complaint on June 10, 2013. (Doc. ## 1, 5). Among other allegations, Hayas contends that GEICO breached its "duties of good faith in the handling of the claims made against [Hayas] by acting

---

[1] Mr. William Ryan was involved in the automobile accident from which this bad faith litigation arises and died due to his injuries. (Doc. # 5 at ¶¶ 6, 8) His wife, Vicki Ryan, as personal representative of William Ryan's Estate brought the underlying claims against Hayas. (Doc. # 5). For clarity the Court will refer to William Ryan as "Ryan" and Vicki Ryan as "Ryan's Estate."

in bad faith" detailing various "failings" by GEICO related to the settlement discussions. (see Doc. # 5 at ¶ 19).

Presently before the Court are both parties' respective Motions in Limine. (Doc. ## 79-80).  The Court has reviewed the Motions as well as the relevant responses and is otherwise fully advised in the premises.

## II.  __Legal Standard__

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial."  In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009).  "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried.  See LSQ Funding Grp. v. EDS

Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012) (citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273, 1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

III. **Hayas' Motions in Limine**

Hayas seeks to preclude GEICO from introducing at trial evidence relating to: (1) GEICO's actions after the October 21, 2009, offer was rejected operated as an acceptance of the offer, (2) Opinion concerning the motives of third persons, (3) GEICO presenting that it was "set up" to commit bad faith, (4) Any attempts by GEICO to elicit testimony regarding attorney-client privileged or work product-protected matters, (5) GEICO referring to the criminal proceedings and sentence against Hayas resulting from the automobile accident, including Hayas' intoxication at the time of the accident, and (6) GEICO's expert, attorney John B. Atkinson, from offering legal "opinions" at trial. (Doc. # 80). The Court will address each of these issues in turn.

A. **Exclusion of Evidence That GEICO's Actions Operated as an Acceptance of the Offer**

Hayas argues that GEICO should be precluded from introducing evidence that GEICO's actions after the October 21, 2009, offer was rejected operated as an acceptance of the offer. (Id. at 3). Hayas contends that GEICO was presented with a pre-suit settlement opportunity from the underlying plaintiff, Ryan's Estate, on October 21, 2009, that would have resolved all claims against Hayas within coverage.

(Id.). "The offer specifically advised GEICO, '[t]herefore, any attempt to provide us with a release from this point forward which contains a hold harmless or indemnity agreement . . . will act as a rejection of this good faith offer.'" (Id.)(citing Straughn ltr of Oct. 21, 2009). Thereafter, on October 22, 2009, GEICO delivered a check and release to counsel for Ryan's Estate. (Doc. # 80 at 3). Hayas avers that because the release contained a hold harmless and indemnity agreement, it was a rejection of the offer from Ryan's Estate. (Id.). Hayas maintains that this evidence must be excluded under Federal Rules of Evidence 402 and 403 and the law governing settlement agreements in the State of Florida. (Id. at 1-2).

GEICO responds that its actions to settle Ryan's Estate's claim are relevant and admissible to determine whether GEICO acted in bad faith under the totality of the circumstances. (Doc. # 84 at 2). GEICO argues that it "was at all times willing and trying to settle Ryan's Estate's claim for the policy limits. Accordingly, GEICO's actions of complying with the terms of Ryan's Estate's demand letter are directly relevant to whether GEICO acted in good faith. . . ." (Id. at 3). Additionally, GEICO maintains that the "actions taken after October 22, 2009, are directly relevant to Ryan's

Estate's unwillingness to settle." (Id. at 3-4). The Court agrees.

In this "bad faith" case, the post demand actions of GEICO are a material component surrounding Hayas' claims against GEICO. Therefore, the Court finds evidence of actions post October 21, 2009, to be relevant under Rule 401, and further finds that the probative value of this evidence is not substantially outweighed by the concerns enumerated in Rule 403. Hayas' Motion in Limine with regard to GEICO's actions after October 21, 2009, is thus denied.

### B. Exclusion of Opinions Concerning the Motives of Third Persons

Hayas argues that GEICO "will attempt to raise certain defenses by introducing certain evidence, eliciting testimony from witnesses, and presenting argument of counsel in an attempt to offer opinions regarding the motives of third persons, during their testimony." (Doc. # 80 at 5). It is Hayas' position that "an expert may not testify to an opinion regarding another person's motives or state of mind" as such opinion is not a proper subject of lay witness or expert testimony. (Id.). Furthermore, Hayas states that "no expert in this case is qualified to render an opinion regarding another person's motives because none of them are a mind-

reader." (Id. at 6). Hayas claims that under Federal Rules of Evidence 701 and 702 neither a lay witness nor an expert should be permitted to testify about the motives or state of mind of any other person. (Id. at 7).

GEICO responds that Hayas' argument is "a straw man argument designed to preclude GEICO from introducing relevant evidence regarding Ryan's [Estate's] willingness, or lack thereof, to settle the claim against Hayas within the applicable policy limits." (Doc. # 84 at 4). In particular, GEICO argues that Ryan's Estate's "unwillingness to settle the claim against Hayas is relevant to whether GEICO had a realistic opportunity to settle same and is a factor under the totality of the circumstances that must be considered by the jury in this case." (Id. at 5).

Furthermore, GEICO asserts that the opinion testimony it intends to present does not constitute impermissible comment on the subjective intent or state of mind of any person. (Id. at 9). To that end, GEICO provides that, "an expert witness may testify in the form of an opinion if, the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of this case." (Id. at 8). GEICO contends that the testimony

regarding Ryan's Estate's unwillingness to settle are based on the actions of Ryan's Estate during the pendency of the underlying matter. (Id.). An examination of that conduct will be based on the relevant evidence rather than speculation as to Ryan's Estate's intent or thought process. (Id. at 9).

Likewise, GEICO states that "lay witness opinions regarding the willingness of Ryan's Estate and counsel to settle within the applicable policy limits is also permissible under the Federal Rules of Evidence." (Id.). Further, pursuant to Rule 701, "lay witness testimony can take 'the form of opinions or inferences drawn from her observations when testimony in that form will be helpful to the trier of fact.'" (Id. at 10).

As GEICO aptly states: "[E]vidence relating to the willingness, or lack thereof, of Ryan's [Estate] and counsel to settle the claim against [Hayas] within the applicable policy limits is relevant to the issue of whether GEICO had a realistic opportunity to settle under the totality of the circumstances." (Id. at 11). The Court finds that opinion testimony based on perception and observation relating to Ryan's Estate's willingness or unwillingness to settle to be proper consideration for the jury in determining the outcome of this action. The Court also finds that this testimony would

not be unfairly prejudicial to Hayas. Accordingly, the Court denies Hayas' Motion in Limine as to opinions concerning the state of mind or intent of third parties.

### C.    Exclusion of Evidence That GEICO was "set up" to Commit Bad Faith

Hayas next seeks to exclude evidence which raises a defense that GEICO was "set up" by Ryan's Estate's counsel in the underlying action. (Doc. # 80 at 9). Hayas states that he anticipates GEICO "will attempt to place evidence before the jury as to the state of mind of Ryan's Estate's counsel in allegedly setting up GEICO, both by cross-examining witnesses and eliciting direct testimony from Ryan's [Estate's] counsel." (Id.). According to Hayas, this conduct is impermissible under Rules 401 and 403 because "evidence of this issue is too speculative to be reliably placed before the trier of fact in this case" by either a lay or expert witness. (Id. at 11-12).

In addition, Hayas contends that "apart from the lack of merit from a legal and evidentiary perspective, any speculation by GEICO into Ryan's Counsel's state of mind to avoid the claims of Hayas in this case is also precluded due to GEICO's failure to plead this defense" as an affirmative defense under Fed. R. Civ. P. 8(c). (Id. at 13). Hayas offers

support for his argument in stating "speculation into state of mind of various attorneys who are not parties to this action to argue that such attorneys 'set up' GEICO is a legally deficient argument that is unrelated to the issue of whether GEICO breached its fiduciary duty to Hayas so to be subject to extra contractual liability." (Id. at 14). As GEICO did not give fair notice of this avoidance for trial, Hayas argues that it is thereby waived and excluded from this case. (Id.).

GEICO responds that Hayas' Motion in Limine "should be denied because it seeks to exclude relevant and probative evidence that clearly supports GEICO's Affirmative Defenses." (Doc. # 84 at 11). Specifically, GEICO's third affirmative defense states "under the totality of the circumstances, GEICO did not have a realistic opportunity to settle the subject claim within the applicable policy limits." (Id. at 12). GEICO's fourth affirmative defense further states "Ryan was unwilling to settle her claim against Plaintiff within the applicable policy limits." (Id.). GEICO asserts that whether Ryan's Estate or counsel "set up" GEICO for bad faith is within the jury's purview, but it is not a defense proffered by GEICO. (Id.). It is GEICO's contention that Hayas

is trying to "recast GEICO's Affirmative Defenses to set forth a waiver argument, where none exists." (Id. at 13).

The Court finds that evidence relating to Ryan's Estate's willingness or unwillingness to settle its claim against Hayas to be a legitimate and relevant factual concern that may be presented at trial. It would be inappropriate for GEICO to set forth a defense at trial that was not appropriately raised, but GEICO, through its response in opposition to Hayas' Motions in Limine, has stated that it does not intend to present evidence that GEICO was "set up" by Ryan's Estate or counsel. (Doc. # 84 at 12). Therefore, the Court denies as moot this Motion in Limine.

D.   **Exclusion of Testimony Regarding Attorney-Client Privileged or Work Product-Protected Matters**

Hayas argues that at trial, GEICO may question him, his attorneys from the underlying matter, Dale Swope and Todd Miller, and Ryan's Estate, about matters that are protected by the attorney-client privilege and work product doctrine. (Doc. # 80 at 15). Hayas seeks to preclude this questioning "to the extent these objections have been sustained" because, if permitted, it will cause "Hayas' attorneys to continuously object to these inquiries, not only disrupting the trial but confusing the jury." (Id.). Hayas contends that he has not

waived the attorney client privilege with either Swope or Miller. (Id.).

GEICO responds that "Plaintiff fails to specifically identify any privileged or protected materials and communications and makes only vague reference to matters that GEICO inquired about during the course of discovery in this case." (Doc. # 84 at 14-15). GEICO contends that Hayas' "broad and non-specific" motion prevents GEICO from being able to challenge the privilege assertions. (Id. at 15).

Due to the unspecific nature of Hayas' Motion, this Court cannot make rulings on such assertions of privilege at this time. Those issues will come before the Court at trial upon proper objections by counsel when allegedly privileged testimony is elicited by either party. Neither Hayas nor GEICO may use the attorney client privilege as a sword and shield to unfairly prejudice the other. For the reasons articulated above, Hayas' Motion in Limine is denied without prejudice and Hayas may address this issue at trial, if appropriate.

### E.   Exclusion of References to Criminal Proceedings and Sentence Against Hayas

Hayas states that he anticipates GEICO will attempt to introduce evidence of criminal charges brought against him after the automobile accident, for the purpose of biasing the

jury against him. (Doc. # 80 at 17). Hayas argues that "the criminal proceedings and Mr. Hayas' intoxication must not be presented to the jury because it is inadmissible irrelevant evidence." (Id.). Hayas contends that "informing the jury that Mr. Hayas was driving under the influence of alcohol at the time of the accident is inadmissible character evidence" under Rule 404(b). (Id.). "By introducing evidence of Mr. Hayas' intoxication, GEICO will endeavor to portray its insured as irresponsible, unlawful, and 'bad' – the kind of person who would try to 'set-up' his insurance company for bad faith." (Id.).

GEICO counters by stating that "evidence of [Hayas'] intoxication and criminal investigation are directly intertwined with the present bad faith litigation." (Doc. # 84 at 16). GEICO argues that Hayas' alcohol use and the criminal investigation are relevant to GEICO's handling of this claim and the decision to forego certain defenses in an effort to protect Hayas. (Id.). GEICO maintains that Hayas' intoxication and criminal investigation is part of the totality of the circumstances that must be presented to the jury. (Id.).

Moreover, GEICO asserts that Hayas "seeks to recover the full excess judgment entered against him in the underlying

case," which includes $5,000 punitive damages premised on Hayas' intoxication. (<u>Id.</u> at 18). It is GEICO's position that to exclude evidence of the $5,000 punitive damages while Hayas seeks to recover the entire excess judgment amount would be "wholly inequitable." (<u>Id.</u>).

This Court finds Hayas' arguments to be without merit. Rule 404(b)(1) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." GEICO asserts that evidence of intoxication is inextricably intertwined with Hayas' bad faith action in that Hayas' intoxication is relevant to the impact on Ryan's Estate and its willingness to settle. (Doc. # 84 at 17). As the evidence of intoxication is not being offered, at this time, to prove Hayas' character, it is appropriate for the jury to evaluate the evidence as it is inextricably intertwined with Ryan's Estate's willingness to settle.

Additionally, the Court finds that the probative value of this evidence is not substantially outweighed by the concerns enumerated in Rule 403. Hayas' Motion in Limine with regard to evidence of intoxication and criminal proceedings is thus denied.

**F.  Exclusion of GEICO's Expert, Attorney John B. Atkinson, From Offering Legal "Opinions"**

Hayas argues that GEICO's expert, John B. Atkinson's, report contains "numerous impermissible legal conclusions or instructions about the law" and anticipates that Atkinson will offer these "opinions" at trial. (Doc. # 80 at 18). Hayas states that "a witness may not testify to the legal implications of conduct; the court may be the jury's only source of law," and Atkinson should not be allowed "to offer legal conclusions at trial that are couched as 'opinions.'" (Id. at 20). It is Hayas' position that "by testifying about Florida law, Atkinson is attempting to eclipse the role of the Court and Hayas would suffer extreme prejudice if the Court permits GEICO's expert to advocate its version of Florida law to the jury." (Id. at 21). Therefore, Hayas requests that Atkinson's "opinions" be excluded from trial. (Id.).

GEICO responds that Hayas "seeks to prevent GEICO's expert from testifying about matters that are within his expertise, are appropriate for the present action, and will be helpful to the jury." (Doc. # 84 at 18). GEICO also contends that Hayas' Motion is inappropriate due to Hayas' failure to state with particularity what specific opinions

Hayas seeks to exclude and instead requests the Court to hold that all of Atkinson's opinions are inadmissible. (Id. at 19). Furthermore, GEICO states that under Rule 704, an expert may "express an opinion that embraces an ultimate issue to be decided by the trier of fact." (Id.).

As it is unclear which of Atkinson's opinions Hayas seeks to exclude - and more so seeks to strike Atkinson as an expert entirely - this Court denies Hayas' Motion. However, the Court reminds both parties that each will be required at trial to properly qualify their expert(s), in accordance with the standards set forth in the Federal Rules of Civil Procedure and Evidence. Thereafter, even if properly qualified as an expert at trial, this Court will not allow any expert to offer impermissible legal conclusions, testimony of which he is not qualified to opine, redundant testimony, irrelevant testimony, and testimony based on speculation as to the parties' intent. (See Doc. # 106).

**IV.   GEICO's Motions in Limine**

GEICO seeks to preclude Hayas from introducing at trial: (1) Improper questioning and/or testimony by counsel, (2) The use of GEICO's claims manuals or training materials as evidence that GEICO breached its duty of good faith, (3) Personal opinions about insurance companies, prior experience

17

with insurance companies generally and GEICO in particular, references to advertising, and the payment of insurance premiums, (4) References to underlying defense counsel for Hayas, Todd Miller, as representing GEICO, (5) Evidence regarding the proposed "Cunningham Agreement" or consent judgment, and (6) Evidence or testimony regarding Ryan's Estate's alleged basis for refusing to settle. (Doc. # 79). The Court will address each of these issues in turn.

### A.  Exclusion of Improper Questioning and/or Testimony by Counsel

GEICO argues that Hayas should be precluded from "presenting evidence, testimony, or argument" and "improper questioning and/or testimony by counsel." (Doc. # 79 at 2). Specifically, GEICO asserts that Hayas "may attempt to question GEICO adjusters regarding their knowledge or understanding of bad faith law in Florida." (Id.). "Hayas will improperly characterize, through his opening, questioning of lay witnesses, and closing, the standard for bad faith in Florida." (Id.).

GEICO states that the "standard for bad faith in Florida requires specialized knowledge from an attorney, and is not within the knowledge of a lay witness." (Id. at 11). The issue in this case is whether GEICO acted in bad faith in handling

the claim against Hayas and whether a "GEICO adjuster understands the legal concept of bad faith has no bearing on how the claim was handled." (Id.). GEICO avers that even if this testimony is relevant, it is so "highly prejudicial that it should be excluded." (Id.). Additionally, GEICO argues that "testimony and questioning regarding the standard of bad faith in Florida is impermissible as it invades the purview of the Court, which is tasked with instructing the jury on the law." (Id. at 11).

Hayas responds that "the law that will be applied to the facts of this case will come from this Court, and both [Hayas] and [GEICO] should be free to make argument at the appropriate time about how the law as given by this Court applies to the facts of this case." (Doc. # 85 at 2). Furthermore, Hayas contends that GEICO's request is overbroad as GEICO'S employees ". . . may fairly give factual testimony with regard to their training and experience, and the duties that they believe that they had in the handling of this claim." (Id. at 3). Since GEICO's duties to Hayas are "seminal factual factors" necessary in the presentation of Hayas' claims against GEICO, Hayas argues that he should not be precluded from presenting such evidence at trial. (Id.). This Court agrees.

19

It is permissible for Hayas to inquire of the GEICO employees regarding training, experience, and duties in accord with Rule 701, which governs lay witness testimony. However, as stated above, this Court will not allow any witness to offer impermissible legal conclusions, testimony of which the person is not qualified to opine, whether lay or expert, redundant testimony, irrelevant testimony, and testimony based on speculation as to the parties' intent. Therefore, GEICO's Motion is denied.

**B.   Exclusion of GEICO Claims Manuals or Training Materials**

GEICO argues that Hayas should be precluded from introducing GEICO's "claims manual, code of conduct, and training materials" into evidence and should also be precluded "from presenting any evidence of alleged breaches of internal company policies and procedures by GEICO employees." (Doc. # 79 at 3). GEICO asserts that such evidence will be used by Hayas to "mislead the jury as to the issue to be decided in this case and to unduly prejudice GEICO. Specifically, GEICO believes that [Hayas] will attempt to improperly equate any deviation from GEICO's corporate policies or claims handling guidelines to a breach of the duty of good faith." (Id.). It is GEICO's position that such

evidence is improper in that "whether GEICO followed its own internal policies and procedures is not relevant to whether GEICO fulfilled its duty of good faith" to Hayas. (Id.).

Specifically, GEICO highlights that evidence or testimony of alleged breaches of internal company policies and procedures by GEICO employees is not evidence of bad faith, as "GEICO is free to structure its own company guidelines in a manner which goes above and beyond what is required by Florida law, such that non-compliance cannot be evidence of bad faith." (Id. at 13). In turn, GEICO argues that, by allowing presentation of evidence of GEICO's internal procedures, it would create a danger of unfair prejudice to GEICO and "would invite the jury to find against GEICO on impermissible grounds." (Id.).

GEICO alleges that "the risk of unfair prejudice and confusion is so great that same cannot be alleviated by a proper jury instruction." (Id.). Finally, GEICO sets forth that GEICO's claims manual, code of conduct, and training materials contain confidential business information, which is protected from disclosure pursuant to Section 90.506, Florida Statutes." (Id. at 15). To that end, GEICO notes that "the parties in the instant action executed a confidentiality agreement in regards to these documents during the discovery

phase of this litigation which specifically recognizes the confidential nature of the documents and protects them from disclosure to third parties." (Id.). Therefore, according to GEICO, Hayas should be precluded from presenting confidential and proprietary information to the jury. (Id.).

Hayas argues that "portions of GEICO's claims manual and training materials are relevant to Hayas' bad faith claim, and should not be excluded under Rule 403, and fail the test for protection of trade secrets." (Doc. # 85 at 3). Specifically, Hayas asserts that "evidence that an insurer violated § 626.9541 may be used to support a claim of bad faith even when the plaintiff has not brought a separate claim for unfair claims settlement practices." (Id. at 3-4). Hayas notes that "GEICO has not shown that all portions of the claims manual and training materials are clearly inadmissible on all potential grounds." (Id. at 4-5). Although Hayas agrees that violations of the procedures are not determinative, the violations may be used as "some evidence" of bad faith. (Id. at 5). It is Hayas' position that any risk of unfair prejudice with regard to use of the claims manual or materials "can be alleviated with appropriate jury instructions." (Id.).

Upon consideration, the Court finds that the proper inquiry at trial will be whether GEICO's conduct was

reasonable and proper under the circumstances. _Altheim v._
_GEICO Gen. Ins. Co._, No. 8:10-CV-156-T-24TBM, 2011 WL
1429735, at *5 (M.D. Fla. Apr. 14, 2011). An insurance
company's failure to have appropriate procedures in place, as
well as general business practices of improper conduct, may
be evidence of bad faith. _Id._ However, the Court cannot say
that failure to comply with company policies, manuals, and
training materials will always be evidence of bad faith, since
those materials may contain guidelines that go "above and
beyond" what is reasonable and proper under the
circumstances, such that non-compliance may not be evidence
of bad faith. _Id._

However, if the company's policies, manuals, and
training materials contain guidelines that are consistent
with industry standards, then non-compliance may be evidence
of bad faith. _Altheim_, No. 8:10-CV-156-T-24TBM, 2011 WL
1429735, at *5. Thus, this Court cannot say at this time that
all evidence of GEICO's internal policies and procedures
should be excluded, and it is likely that any risk of unfair
prejudice and confusion can be alleviated with proper jury
instructions. Accordingly, the Court denies the Motion
without prejudice, and Defendant can make objections at trial
if and when the need arises. As the Court is denying this

23

motion and inviting GEICO to raise objections at trial, if necessary, the Court also notes that Hayas should be prepared to address GEICO's "privilege argument and be ready to explain why non-disclosure of these documents at trial will result in injustice." Id.

### C. Exclusion of Personal Opinions About and Prior Experiences with Insurance Companies

GEICO seeks to preclude Hayas from "presenting evidence, testimony, or argument regarding personal opinions of insurance companies, referring to GEICO's advertising campaigns, and offering evidence, testimony, or argument regarding the payment or non-payment of insurance premiums." (Doc. # 79 at 4). GEICO asserts that Hayas will elicit testimony from his expert regarding their previous experiences with insurance companies and GEICO, which is improper. (Id.).

Additionally, GEICO contends that references to GEICO's advertising campaigns are improper and "not relevant to the issue of whether GEICO acted in bad faith in handling the wrongful death claim brought by Ryan's [Estate] against Hayas." (Id. at 16). It is GEICO's position that Hayas will use GEICO's name and brand recognition to unduly prejudice the jury against it. (Id. at 17). GEICO further avers that

Hayas will attempt to proffer evidence that "Hayas faithfully paid insurance premiums to GEICO in an effort to prejudice the jury" even though "[n]o party to the present matter has raised a claim or defense related to the payment or non-payment of insurance premiums." (Id.). The introduction of such evidence would prejudice GEICO and confuse the jury as to the "true issues" present in this case. (Id. at 18).

Hayas responds that GEICO's request is overbroad and should be denied. (Doc. # 85 at 9). Additionally, Hayas states that testimony regarding payment of insurance premiums is relevant and admissible when offered not to prejudice GEICO but to show "a nexus between Hayas' payment of the insurance premiums and the duties and obligations then imparted unto GEICO pursuant to the policy of insurance those premiums maintained." (Id. at 10). Hayas intends to use this evidence to "properly reveal GEICO's position and interest as the insurance company, and the fiduciary duty manifested under Florida law in exchange for the faithful payment of these premiums and how Hayas was entitled to maintain trust in GEICO that it would fulfill its fiduciary duties." (Id. at 11).

This Court finds that expert witness testimony will be relevant to this case and GEICO can raise any specific objection to testimony provided at trial. Furthermore, this

Court finds that GEICO's advertising campaigns are irrelevant to the issues before this Court and grants the Motion as to advertising campaigns. Therefore, neither party may use evidence of GEICO's advertising campaigns at trial. The Court also grants the Motion as to evidence of payment of insurance premiums because it is irrelevant to the bad faith case.

**D. Exclusion of References to Underlying Defense Counsel for Hayas as Representing GEICO**

GEICO seeks to preclude Hayas from presenting any evidence regarding attorney Todd Miller, or his firm, as representing GEICO in the underlying tort action. (Doc. # 79 at 5). GEICO provides that "in the underlying action filed by [Ryan's Estate] against Hayas, Todd Miller, represented Hayas" and there is no evidence to the contrary. (Id. at 6). GEICO states that referring to Miller as GEICO's attorney "would mislead the jury and unduly prejudice GEICO," and therefore it should be prohibited. (Id.). "While GEICO provided Hayas with an attorney, at no time did Miller ever serve as GEICO's counsel in the underlying action. In fact, GEICO, as Hayas' liability insurer, was not a party to the underlying action." (Id. at 19).

Hayas states that he has no intention of misrepresenting that Miller represented GEICO in the underlying claim. (Doc.

# 85 at 12). However, should Miller testify at trial, Hayas requests this "Court preserve his right to inquire as to [Miller's] long-standing and current relationships with GEICO in accordance with the Federal Rules of Civil Procedure, as same may be fairly considered to evaluate bias." (Id.).

In the instance that Hayas attempts to provide testimony or evidence at trial which contradicts the contractual relationship between Miller and Hayas, GEICO should bring the matter to the Court's attention. The Court declines to completely exclude testimony by Miller but remains cognizant that this testimony may be subject to appropriate objection by GEICO. At this juncture, the probative value of this testimony outweighs any prejudice.

### E.  Exclusion of Evidence Regarding Proposed "Cunningham Agreements" or Consent Judgments

GEICO seeks to preclude any evidence, testimony, or reference to "any consent judgment or 'Cunningham Agreement' proposed by Ryan's Estate to Hayas or by Hayas to Ryan's Estate in the underlying action." (Doc. # 79 at 6). GEICO argues that Hayas will "attempt to infer, reference, or argue that GEICO should have agreed to be a party to the proposed 'Cunningham Agreement' and/or should have authorized Hayas to accept Ryan's [Estate's] proposed consent judgment, and that

any alleged failure to do so is evidence of bad faith." (Id. at 7). GEICO contends that testimony or argument regarding such agreements would be inappropriate, "as it is irrelevant to the central issue of whether GEICO acted in bad faith in failing to settle the case within $100,000 policy limits." (Id.).

Furthermore, "any testimony or argument regarding the proposed 'Cunningham Agreement' or consent judgment would confuse and mislead the jury into believing that GEICO had a duty to negotiate in excess of the policy limits, a duty to enter into a 'Cunningham Agreement' and/or a duty to authorize Hayas to enter into a $6,000,000.00 consent judgment." (Id. at 19). GEICO argues that "there is no duty requiring GEICO to agree to be a party to a 'Cunningham Agreement', to authorize an insured to enter into a consent judgment, to forfeit its own rights, and to expose itself to amounts above the policy limits." (Id. at 20). Thus, according to GEICO, presenting such testimony would impose duties and obligations upon GEICO that do not exist as a matter of law and would mislead the jury into thinking otherwise. (Id.).

Hayas argues that "by agreeing to the proposed settlement opportunity approved by all other entities in the underlying claim, GEICO could have protected [Hayas] from a

judgment in excess of policy limits regardless of the outcome of the bad faith case against GEICO." (Doc. # 85 at 12). Furthermore, Hayas asserts that "had [GEICO] accepted the opportunity presented . . . GEICO would still have ended up defending its claim handling, but win or lose, [Hayas] would have been protected." (Id.).

The Court agrees with GEICO and the various cases cited for their proposition that evidence or testimony about proposed "Cunningham Agreements" or consent judgments are excludable. See, e.g., Keifer v. Gov't Emps. Ins. Co., No. 01-15545, 2002 WL 34924509 (11th Cir. 2002). Since Hayas has not cited any Florida precedent that suggests that an insurer must enter into such an agreement to avoid claims of bad faith, this Court grants GEICO's Motion as to this issue.

### F.   Exclusion of Testimony Regarding Ryan's Estate's Basis for Refusing to Settle

GEICO seeks exclusion of evidence, testimony, argument or reference to "alleged statements made by GEICO personnel regarding William Ryan allegedly having drugs in his system as the basis for Ryan's [Estate's] refusal to negotiate a settlement with GEICO." (Doc. # 79 at 7). GEICO asserts that Hayas will attempt to introduce evidence of an alleged October 13, 2009, conversation between a representative from State

Farm and a paralegal from the office of Ryan's Estate's counsel in which the representative stated that "William Ryan was taking some sort of medication that may have been a factor [in the accident]." (Id. at 8). During the deposition of Vicki Ryan, she testified that "the reason she was unwilling to attempt to negotiate a settlement of the Ryan wrongful death claim against Hayas was because she was upset with GEICO when she was advised of the foregoing alleged conversation" outlined above. (Id.)(Vicki Ryan Dep. at 25-27). It is GEICO's position that eliciting such testimony or presenting such evidence would be inappropriate as it is irrelevant to the central issue of whether GEICO acted in bad faith in failing to settle the case within the $100,000.00 policy limit. (Id. at 8).

In support, GEICO states that it is the jury that must decide "whether GEICO fulfilled its duty of good faith based solely upon Florida law and not whether or not GEICO made the alleged statement to a representative of State Farm or whether Vicki Ryan considered such an alleged statement in refusing to negotiate a settlement of the Ryan wrongful death against Hayas." (Id. at 22). Here, GEICO urges this Court not to allow Hayas to present evidence which "could be viewed as 'besmirching the memory' of Mr. Ryan in suggesting that he

30

may have taken medication which contributed to the accident at issue." (<u>Id.</u> at 23).

Hayas responds that the evidence "GEICO is attempting to eliminate from this trial explains Ryan's [Estate's] decision making and motives." (Doc. # 85 at 14). Hayas argues GEICO will put forth evidence that Ryan's Estate's conduct was "unreasonable" and "motivated by pecuniary gain." (<u>Id.</u>). It is Hayas' position that "the statement GEICO is attempting to exclude should be weighed by the jury as it considers the totality of the circumstances in this matter." (<u>Id.</u>). Therefore, according to Hayas, the probative value of what GEICO seeks to exclude is high and the danger of unfair prejudice to GEICO is negligible. (<u>Id.</u>). This Court agrees. Ryan's Estate's decision making motivations goes directly to its willingness or unwillingness to settle this claim. The Court thus finds that evidence of the basis for Ryan's Estate's refusal to settle to be relevant under Rule 401 and further finds that the probative value of this evidence is not substantially outweighed by the concerns enumerated in Rule 403. For the foregoing reasons, this Motion is denied.

     **ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Plaintiff Kenneth E. Hayas' Motion in Limine (Doc. # 80) is **DENIED**.

(2)   Defendant GEICO General Insurance Company's Motions in
      Limine (Doc. # 84) are **GRANTED in part and DENIED in
      part** as detailed herein.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u>
day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

32