```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

KENNETH E. HAYAS,

    Plaintiff,

v.                          Case No. 8:13-cv-1432-T-33AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendant GEICO General Insurance Company's Motion for Taxation of Costs and Proposed Bill of Costs (Doc. ## 118, 119), filed on December 17, 2014. For the reasons that follow, this Court denies GEICO's Motion and Proposed Bill of Costs without prejudice. GEICO may refile the Motion for Taxation of Costs and Proposed Bill of Costs after resolution of the appeal, if appropriate.

## **Discussion**

On December 5, 2014, this Court granted GEICO's Motion for Summary Judgment. (Doc. # 116). The Clerk entered judgment in favor of GEICO and against Hayas on December 5, 2014, and thereafter closed this case. (Doc. # 117).

On December 17, 2014, GEICO filed the present Motion for Taxation of and Proposed Bill of Costs. (Doc. ## 118, 119). Thereafter on January 4, 2015, Hayas filed a Notice of Appeal indicating his intent to appeal the Order granting summary judgment to GEICO and the judgment entered in favor of GEICO to the Eleventh Circuit Court of Appeals. (Doc. # 120).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003)(explaining "The filing of an appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (internal citations omitted).

If this Court were to resolve GEICO's Motion for Taxation of Costs and Proposed Bill of Costs while an appeal remains pending, it would engage in the piecemeal adjudication of costs as the Court would be asked to repeat the procedure following the appeal. See Bowers v. Universal City Dev. Partners, Ltd., No. 6:03-cv-985-ORL-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005). Furthermore, the Court finds that the immediate resolution of the collateral issue of

GEICOS's Motion for Taxation of Costs and Proposed Bill of Costs is unlikely to assist the Court of Appeals. Thus, the Court denies GEICOS's Motion for Taxation of Costs and Proposed Bill of Costs without prejudice. GEICO may refile the Motion for Taxation of Costs and Proposed Bill of Costs after resolution of the appeal, if appropriate.

Accordingly, it is

**ORDERED, ADJUDGED**, and **DECREED** that:

Defendant GEICO General Insurance Company's Motion for Taxation of Costs and Proposed Bill of Costs (Doc. # 118, 119) are **DENIED without prejudice.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of January, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record